Samuel E. ALLEN
and Anita M. Allen,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant,*
*and*
CLACKAMAS COUNTY ASSESSOR,
*Intervenor-Defendant.*

(TC 4571)

Oral argument was held January 23, 2004, in the courtroom of the Oregon Tax Court, Salem.

David L. Canary, Garvey Shubert and Barer, Portland, filed the reply and argued the cause for Plaintiffs.

Susie L. Huva, Clackamas County Assistant County Counsel, Oregon City, argued the cause for Intervenor-Defendant (the county).

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, filed an objection to judgment awarding attorney fees and argued the cause for Defendant (the department).

Decision rendered July 7, 2004.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

Following issuance of the opinion in this case, Plaintiffs (taxpayers) submitted a form of judgment that included an award of attorney fees, reasonable expenses, costs, and disbursements (collectively "fees"). Taxpayers claim these amounts under ORS 305.490(4).[1] Taxpayers did not, in the form of judgment tendered, distinguish between fees incurred in the Magistrate Division or fees incurred in the Regular Division, or claim a particular amount in fees. Defendant Department of Revenue (the department) objects to any award of fees.

No party contests the basic rule that taxpayers are entitled to fees only pursuant to statute or agreement. Further, no party asserts the existence of an agreement or a statutory basis for award of fees other than ORS 305.490 (the fee statute).

## II. FACTS

All parties agree the fee statute was added to Oregon law in 2001 and was made applicable to "proceedings commenced" on or after January 1, 2002. *See* Or Laws 2001, ch 287, §§ 1, 2. Taxpayers filed a complaint in the Magistrate Division of this court on April 10, 2001. By decision dated January 17, 2002, the magistrate considering the case found a value for the subject property. Dissatisfied with the decision of the magistrate, taxpayers filed a complaint in this division on March 15, 2002. The effective date stated in the 2001 legislation falls after the filing of the complaint in the Magistrate Division but before the filing of the complaint in the Regular Division. Additional facts and types of issues and arguments presented in this case are contained in the opinion previously issued.

## III. ISSUES

There are three issues raised by the form of judgment submitted:

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2001.

1.  Does ORS 305.490(4)(a) apply to this matter?

2.  If ORS 305.490(4)(a) applies, does it permit fees for proceedings in both divisions of the court, or only in the Regular Division?

3.  If the court may exercise its discretionary authority under ORS 305.490(4)(a), should it do so here?

## IV. ANALYSIS

A.  *Does ORS 305.490(4) apply and, if so, to which proceedings?*

The department argues that the fee statute applies to cases commenced in the Tax Court after January 1, 2002. Relying on the fact that the Tax Court is one court with two divisions, the department reasons that proceedings in the court were commenced prior to January 1, 2002, when the complaint in the Magistrate Division was filed. On that basis, the department concludes that the case is not covered by the fee statute.

The department also argues that because the fee statute permits the Tax Court judge to award fees with respect to proceedings in the Magistrate Division, it is more reasonable to measure the effective date provision according to the first filing in the court so that the statute is not applied midway through litigation.

The department states there is no legislative history on the effective date provision. Taxpayers point to no legislative history, but assert that the plain language of the effective date provision is adequate support for their conclusion that if the "proceeding before the tax court judge" is commenced after January 1, 2002, the fee statute applies and permits a full award for fees incurred at both the Magistrate and Regular Divisions. Taxpayers ground their argument primarily on the fact that fees may be awarded only in proceedings before the Tax Court judge.

Although taxpayers are not entirely clear in their claim, it appears that they assert that the application of the fee statute is determined by when the proceeding in the Regular Division was commenced, although they expect to

recover fees with respect to the prior Magistrate Division proceeding as well. In taxpayers' view, the proceeding in the Regular Division is the only one considered in applying the effective date provision and the proceeding in the Magistrate Division is considered only as to the amount of the award—not regarding whether an award can be made under the effective date provision.

■     Thus, both taxpayers and the department adopt either/or positions. Taxpayers measure only by reference to the commencement of the proceeding in the Regular Division, while the department measures only by reference to the commencement of the proceeding in the Magistrate Division. No party addresses whether the effective date provision should be read as referring to individual proceedings before both divisions of the court. However, the text and context of the effective date provision supports the conclusion that the proper construction of the provision is as follows: in proceedings commenced in the Regular Division after January 1, 2002, fees may be awarded, but Magistrate Division fees are recoverable only if the proceeding in that division commenced after January 1, 2002, as well.

■     The text of the effective date provision uses the term *proceedings* without distinction as to which division is involved. In both the statute and amendment to which the effective date provision relates, and in numerous other places in the statutes governing this court, the legislature demonstrated a clear ability to designate particular division proceedings. Statutes such as ORS 305.427, providing for the burden of proof "in all proceedings before the judge or a magistrate of the tax court," reflect a legislative understanding that "proceedings" can occur at either division. ORS 305.490(4)(a)(B) itself recognizes there can be a "proceeding before the tax court judge" and a "prior proceeding *in the matter*, if any, before the magistrate." (Emphasis added.) This language shows there is one *matter* in the court, not one *proceeding*.[2]

---

[2] The legislative understanding that there are "proceedings" in each of the divisions is reflected in ORS 305.430(1); proceedings before the Regular Division are to be reported, but proceedings before the Magistrate Division are not. That the proceedings in the two divisions are separate is shown by the fact that parties may only be represented by attorneys in the Regular Division, but may use a much

However, in the effective date provision the reference is to the commencement of proceedings, without any limitation on which division is involved. Because proceedings can be commenced in both divisions and, under ORS 305.501(5)(a), must be separately commenced in the Regular Division following a decision by a magistrate, the court sees no reason to adopt either of the positions presented by the parties. The department's construction is rejected because the statutory language is to "proceedings," and not to proceedings "in the magistrate division" or even "the court." Taxpayers' construction is rejected because it would read into the effective date provision the words "before the tax court judge" following the word "proceedings." This court is not authorized to add to statutory language when determining the meaning of a statute.

Because no language will be implicitly added by construction, the effective date provision will be applied as follows:

1.  If neither the proceeding in the Magistrate Division nor the proceeding in the Regular Division was commenced after January 1, 2002, no fees may be awarded.

2.  If proceedings in both the Magistrate Division and the Regular Division were commenced after January 1, 2002, fees may be awarded with respect to each proceeding.

3.  If, as occurred in the case at hand, the Magistrate Division proceeding was commenced before January 1, 2002, but the Regular Division proceeding was commenced after January 1, 2002, fees may be awarded only for the proceeding commenced after January 1, 2002—the Regular Division proceeding.

The above construction of the effective date provision is consistent with the approach the legislature took at the time it added the provisions of ORS 305.490(2) to the statutes in 1971. *See* Or Laws 1971, ch 265, § 1. Consideration of that approach is relevant because the text and context of the effective date provision arguably do not resolve the questions raised in this case. However, a maxim of construction offers

---

wider range of representatives in proceedings in the Magistrate Division. *Compare* ORS 9.320 with ORS 305.230.

help to the court—that a court may consider what the legislature would do, or would have done, if presented with the issue. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 612, 859 P2d 1143 (1993) (citing *Security State Bank v. Luebke*, 303 Or 418, 423, 737 P2d 586 (1987)). If the inquiry is what the legislature would do if presented with this issue, it is highly relevant to look to similar actions of the legislature that involved a closely analogous, if not identical, issue.

■     At the time the provisions on income tax fee awards were added to the statutes, the Magistrate Division had not yet been created. However, at that time the resolution of a tax dispute still involved a series of proceedings or stages. The department conducted an administrative hearing with respect to the dispute, from the outcome of which a *de novo* appeal to this court was provided. Oregon Laws 1971, chapter 265, section 1 added the following language to ORS 305.490:

> "(2)   If, in any proceeding under this section involving taxes upon or measured by net income in which an individual taxpayer is a party, the court grants a refund claimed by the taxpayer or denies in part or wholly an additional assessment of taxes claimed by the department to be due from the taxpayer, the court may allow the taxpayer in addition to costs and disbursements:

> "(a)   Reasonable attorney fees for the proceeding under this section and for the prior proceeding in the matter, if any, before the department; and

> "(b)   Reasonable expenses as determined by the court. Expenses include accountant fees and fees of other experts incurred by the individual taxpayer in preparing for and conducting the proceeding under this section and the prior proceeding in the matter, if any, before the department."

As to the effective time, Oregon Laws 1971, chapter 265, section 4 provides:

> "(1)   Except as otherwise provided in subsections (2) and (3) of this section, the amendment of ORS 305.490 by section 1 of this Act and section 3 of this Act shall apply to proceedings in which the complaints or petitions are filed in the Supreme Court or the tax court on or after the effective date of this Act and to proceedings involving appeals by

individual taxpayers to the Department of Revenue in which the written petitions are filed with the department on or after the effective date of this Act.

"* * * * *

"(3)   Where an appeal under ORS 305.490 is initiated on or after the effective date of this Act, no recovery shall be allowed under paragraphs (a) and (b) of subsection (2) of ORS 305.490 for a prior proceeding, if any, in the matter initiated in the department before the effective date of this Act."

■   The approach of the 1971 Legislative Assembly suggests strongly that if the 2001 Legislative Assembly had considered the effective date provision in more detail, the rule adopted would have been consistent with the conclusion this court has reached. Thus, this court concludes that in 2001 the legislature would have followed the same approach as the legislature did in 1971 when it was presented with the situation of multiple appeals in one matter and a request for award of fees: fees would be awarded only for stages or proceedings in the matter that were initiated after the effective date of the legislation.

The court concludes that for fees to be available under the fee statute, one of the appeals to the Tax Court must have commenced after January 1, 2002. If the appeals to the Magistrate Division and the Regular Division commenced after that date, fees in both proceedings may be recovered. However, where, as here, only the Regular Division appeal occurred after January 1, 2002, fees may be recovered for that proceeding but not for any prior proceeding.

B.   *Should fees be awarded?*

■   As to the Regular Division proceedings in this matter, fees may be awarded. However, all parties recognize any award is within the discretion of this court. Should such fees be awarded here? All parties acknowledge that ORS 20.075 provides factors to be considered by the court in connection with any fee award.

Taxpayers urge the court to recognize that the legislative intent in the adoption of ORS 305.490 was to "level

the playing field." Although some of the testimony in favor of adoption of the fee provision reflected that argument, that testimony related to a version of the statute that was not ultimately adopted. The level playing field argument that taxpayers make regarding the award of fees would apply to all cases in which a taxpayer prevailed, yet the statutory language does not call for an award of fees in all such cases. Instead, the statute provides no guideline for application and the legislators who spoke to the issue acknowledged that ORS 20.075 would serve as the guide for application of the statute. ORS 20.075 contains no level playing field principle.

■　　　Taxpayers argue that in property tax matters a taxpayer may face both the department and a county as opponents, and that this should be considered in the fee award calculation. The legislature has specified that in the Regular Division the department must be the defendant. ORS 305.501(5)(c). The legislature has also provided for department intervention in any proceeding. ORS 305.560(4)(a). Further, the legislature has authorized intervention by interested persons. ORS 306.560(4)(b). The potential of two opponents is, therefore, unlikely to have been intended by the legislature to be a feature on which to base a fee award, because the multiple opponents possibility was created by the legislature itself.

　　　Taxpayers also argue that whereas a taxpayer must hire counsel in the Regular Division, governments get "free" representation. Taxpayers acknowledge, however, that the costs of government representation are borne by the taxpayers of the state. In the view of the court, the representation of the government position is not free, but rather paid for by the taxpayers who are, in many ways, the government. The benefits and burdens of the government positions are, like the costs of asserting those positions, borne by the citizens of the state or county. The same is true for the private litigant. The above matters are, in the court's view, neutral with regard to the issue of fee awards.

■　　　Taxpayers assert that language in *Dept. of Rev. v. Rakocy*, 15 OTR 389 (2001), supports the view that fees be awarded to prevent hollow victories for taxpayers. Those statements were, however, made in the context of litigation

over regulations or forms of general application where a tax-payer's efforts were of benefit to all citizens in the state. In such a case an award of fees against the government (*i.e.*, citizens) is not unreasonable. In such cases, all citizens benefit and all citizens pay the cost of obtaining the benefit. This case, on the other hand, does not involve issues of general application, but rather is primarily a dispute of legal or economic significance only for the parties to the suit.

■ Any hollow victory element in the analysis is even more problematic in property tax disputes within the context of Measure 50. As taxpayers recognize, even a taxpayer victory that produces a reduced real market value may not result in actual economic relief where the maximum assessed value is below the real market value found for the property. Taxpayers assert that a liberal policy on fee awards to property owners is justified, in part, because of the risk that a victory in litigation may net no actual monetary relief. That could be true if issues of general importance were involved in the case and the resolution of those issues would benefit or clarify the law for many property owners. However, in cases involving only valuation disputes, the cost of litigation compared to its benefits appears to the court to be simply one of the risks that must be considered.

This court indicated in *Rakocy* that its approach to an award of fees may be more liberal than that of the Oregon Supreme Court. *Id.* at 392. In *Rakocy*, however, ambiguous government regulations or forms were at issue and, in any event, no fees were awarded. In contrast, the case at hand involves a classic valuation dispute. Looking at the factors in ORS 20.075(1), the court cannot say that the position of the government was not objectively reasonable or that its conduct in the case was reckless, malicious, or in bad faith. *See* ORS 20.075(1)(a), (b). The deterrence factors found in ORS 20.075(1)(c) and (1)(d) appear balanced because the case is a fairly typical valuation dispute set in the context of a significant change of market forces, with the appearance during the course of litigation of a latent defect in the property. The court does not see other factors here that would make a fee award appropriate.

## V. CONCLUSION

Accordingly, the judgment in this matter will not include an award of fees to Plaintiffs under ORS 305.490(4). The court further determines that costs and disbursements are awarded to no party. Now, therefore,

IT IS ORDERED that no costs or disbursements will be awarded to any party under TCR 68 B, and

IT IS FURTHER ORDERED that the judgment shall not include an award of fees or costs under ORS 305.490(4).