No. 54 April 9, 2012 449

IN THE OREGON TAX COURT
REGULAR DIVISION

DEPARTMENT OF REVENUE,
*Plaintiff,*

*v.*

Steven H. BAHR
and Laureen R. Bahr,
*Defendants.*

(TC 4926)

Following the entry of the court's Opinion in this appeal, Plaintiff (the department) filed a motion for reconsideration, disputing the court's conclusion that it had the burden of proof in the matter. Denying the department's motion, the court ruled that as the party seeking affirmative relief, and as the party making a claim on a *de novo* record that would require modification of a decision of a lower court , the department had the burden of proof as defined by statute and case law.

Submitted on Plaintiff's Motion for Reconsideration.

Douglas M. Adair, Senior Assistant Attorney General, Department of Justice, Salem, filed the motion for Plaintiff (the department).

Defendants Steven H. Bahr and Laureen R. Bahr filed a response *pro se*.

Decision rendered April 9, 2012.

**HENRY C. BREITHAUPT, Judge.**

This matter is before the court on the Motion for Reconsideration filed by Plaintiff (the department) on March 15, 2012. Defendants (taxpayers) oppose reconsideration. Although the department requested oral argument on this motion, the rules of the court, amended as of January 1, 2012, provide that oral argument on this motion is at the discretion of the court. *See* Tax Court Rule (TCR) 80 B(1).[1]

---

[1] The Oregon Tax Court typically makes revisions to the Tax Court Rules on a biannual cycle. The notice of Proposed Revisions to the Rules of the Oregon Tax Court containing the addition of TCR 80 B(1) was published in the Oregon Appellate Courts Advance Sheets on August 22, 2011. *See* Oregon Appellate Courts Advance Sheets, 2011 No. 18 at A-11.

The court denies the request of the department for oral argument.

The department questions the conclusion in the Opinion on this matter that it bears the burden of proof in the case in the Regular Division. The department did not prevail in the Magistrate Division in this matter. It then appealed to this division. The proceedings in the Regular Division were *de novo*. ORS 305.425.[2]

ORS 305.427 provides that the burden of proof shall fall upon the party seeking affirmative relief. The department argues that in all divisions of this court, taxpayers are the ones seeking affirmative relief from the notice of assessment issued by the department.

The Oregon Supreme Court held that in a case where appeal to it from a decision of this court was *de novo* on the record, the party making the claim that would require modification of a decision of this court had the burden of proof. *Ernst Brothers Corp. v. Dept. of Rev.*, 320 Or 294, 296, 882 P2d 591 (1994). The department argues that something about the organization of this court at present, and the provisions of ORS 305.425 making proceedings before the Regular Division original and independent, renders the logic of *Ernst Brothers* inapplicable.

The court sees no reason to depart from the teaching of *Ernst Brothers* when faced with a *de novo* appeal to the Regular Division from the Magistrate Division. In the opinion of this court, the decisive point from *Ernst Brothers* is that the burden of proof should, under ORS 305.427, fall on the party seeking a modification of an earlier decision by a prior decision maker. After the creation of the Magistrate Division, a decision of a magistrate becomes final and leads to a judgment unless an appeal to the Regular Division is taken. ORS 305.501(7). Where the department suffers a loss in the Magistrate Division and appeals to the Regular Division it is, in the words of the Supreme Court, "the party making the claim that would require modification" of a

---

[2] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2009.

decision. That decision, if not modified, would dispose of the matter adversely to the department.

The motion for reconsideration is denied. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Reconsideration is denied.