524 July 11, 2012 No. 58

IN THE OREGON TAX COURT
REGULAR DIVISION

VILLAGE AT MAIN STREET PHASE II, LLC,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant,*

*and*

CLACKAMAS COUNTY ASSESSOR,
*Defendant-Intervenor.*

(TC 5054)

VILLAGE AT MAIN STREET PHASE III, LLC,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant,*

*and*

CLACKAMAS COUNTY ASSESSOR,
*Defendant-Intervenor.*

(TC 5055)

VILLAGE RESIDENTIAL, LLC,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant,*

*and*

CLACKAMAS COUNTY ASSESSOR,
*Defendant-Intervenor.*

(TC 5056-7)

Plaintiffs (taxpayers) appealed from a Magistrate Division decision as to the real market value of improvements to real property. Parties then proceeded on cross-motions for summary judgment for a preliminary ruling on the question of the applicability of ORS 305.287 to the proceedings with regard to the start of the statutory appeal period and whether and when important value determinations made in the property tax process could be changed. In granting taxpayers' motion and denying the county's motion, the court ruled that the "appeal"

referred to in ORS 305.287 is the appeal of a party to the Magistrate Division of this court; that when the legislature intends to have legislation apply to pending appeals it says so and that nothing in the actions of the legislature suggested it intended any retroactive application for the new law, therefore ORS 305.287 did not apply in this case.

Submitted on parties' cross-motions for preliminary ruling.

Donald H. Grim, Greene & Markley PC, Portland, filed the motion for Plaintiffs (taxpayers).

Kathleen J. Rastetter, Clackamas County Counsel, Oregon City, filed the motion for Defendant-Intervenor Clackamas County Assessor (the county).

Decision for Plaintiffs rendered July 11, 2012.

**HENRY C. BREITHAUPT, Judge.**

## I.   INTRODUCTION

This matter is before the court on cross-motions for a preliminary ruling on the question of whether ORS 305.287 applies to the proceedings now pending in this division of the court.[1] ORS 305.287 provides:

> "Whenever a party appeals the real market value of one or more components of a property tax account, any other party to the appeal may seek a determination from the body or tribunal of the total real market value of the property tax account, the real market value of any or all of the other components of the account, or both."

ORS 305.287 was added to the statutes by the 2011 Legislature. Or Laws 2011, ch 397. The statute took effect September 29, 2011, without any provision how, if at all, it was to apply to tax disputes that were underway on the effective date of the statute. It is about the answer to that question that the parties disagree.

## II.   FACTS

The relevant facts are not in dispute and are, in simplified form, as follows. Plaintiff (taxpayer) constructed

---

[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2011.

improvements on land in Clackamas county. These improvements should be thought of as buildings. The assessor of Defendant-Intervenor (the county) assessed the land and improvements. As required by statute the assessor separately assessed land from buildings. ORS 308.215(1)(e) and (1)(f). Taxpayer then appealed to the county Board of Property Tax Appeals (BOPTA). The county BOPTA affirmed the values found by the assessor, stating separate values for the land and improvement components of the property tax account. Taxpayer then, as is allowed under the decision in *Nepom v. Dept. of Rev.*, 272 Or 249, 536 P2d 496 (1975), appealed only the building values found by the county BOPTA to the Magistrate Division of this court. All appeals were filed prior to the year 2011.

Before the cases regarding valuation of improvements came to trial in the Magistrate Division, they were stayed so that a related issue could be litigated. That related issue grew out of the fact that the county had failed to include in the initial assessment of the land the value of certain onsite improvements *to* the land—as opposed to the building improvements *on* the land. The county attempted to add the value of those improvements to the land component of the account using the omitted property provisions of the statutes. *See* ORS 311.205 to ORS 311.235. Taxpayer objected and those objections were upheld by the Magistrate Division of this court, this division, and the Oregon Supreme Court. *See Clackamas Cty. Assessor v. Village at Main Street II, LLC*, TC-MD No. 070804D (Oct 28, 2008) (slip op), *aff'd*, 20 OTR 96 (2010), *aff'd*, 349 Or 330, 245 P3d 81 (2010).

After the opinion of the Supreme Court was issued and the question of additions to the land component in the account had been definitively settled, the stay on the trial of the valuation dispute as to the buildings was lifted. The cases proceeded to trial and a decision issued December 13, 2011. Taxpayer was dissatisfied with that decision and, pursuant to ORS 305.501(5)(a), it proceeded to file a complaint in this division on January 26, 2012, after the date ORS 305.287 became effective.

Defendant Department of Revenue (the department) was the initial defendant in this proceeding. *Cf.* ORS 305.501(5)(c). The county has intervened as a defendant.

*Cf.* 305.560(4)(b). In the answers filed by the department and the county, neither has raised the applicability of ORS 305.287 as an affirmative defense or counterclaim. That question was raised at a case management conference and the county and taxpayer have each requested a preliminary ruling on the question.

### III.  ISSUE

Does ORS 305.287 apply to this proceeding in the Regular Division?

### IV.  ANALYSIS

The major premise of the county is that the word "appeal" in the opening phrase of ORS 305.287 includes the process by which a party to a proceeding in the Magistrate Division of this court comes to this division pursuant to ORS 305.501(5)(a). ORS 305.501(5)(a) provides that a party dissatisfied with a decision of a magistrate "may appeal the decision to the judge of the tax court."

The county then observes that such an appeal of the improvement component of the accounts in question occurred in early 2012, well after the September 29, 2011, effective date of the 2011 legislation. The county then concludes that it may, as stated in ORS 305.287, "seek a determination \* \* \* of the total real market value of the property tax account, the real market value of any or all of the other components of the account, or both."

If the county is correct in its argument, it will, not withstanding taxpayer's limited appeal of the buildings component of the account, be able to litigate the value of the land component of the tax account and recover from its oversight in failing to include the value of the onsite improvements in the initial appraisal of the land component. The county points out, correctly, that the value of the land component has never been litigated.

If the county is not correct in its position, the effect of its failure to include the onsite improvements to the land will never be subject to correction. That result, harsh in the view of the county, is a result Article XI, section 11, of the Constitution of Oregon—otherwise known as Measure

50. That measure amended the Oregon Constitution so as to limit when important value determinations made in the property tax process may be changed. *See* Or Const Art XI, § 11(1). Those limitations prevent the county from correcting its oversights in valuation of the land component in the tax account in an earlier year where, as has been decided in the related litigation in this overall dispute, the omitted property process is not available to the county.

Taxpayer objects that the reading the county gives to ORS 305.287 is, in effect, retroactive application of that statute. Taxpayer observes, correctly, that retroactivity may be allowed, but only when the legislature intends that result. Taxpayer points to the fact that nothing in the actions of the legislature suggests it intended any retroactive application for the new law. Taxpayer therefore concludes that ORS 305.287 cannot apply in this case—the only issue before the court should be the value of the buildings on the land.

If taxpayer is correct in its position, it will be able to litigate the valuation of the buildings in the account and potentially improve its position on those values without any risk that the county will be able to obtain a decision that the land component of the account was initially understated. Stated differently, it may win as to the buildings without the risk of losing part or all of its victory as a result of the case being opened up to consideration of land value.[2]

This matter depends on how ORS 305.287 is read. The question is, what was intended by the legislature? The text of the statute offers only some guidance. The opening phrase states that the new rule applies "*whenever* a party *appeals* the *real market value of one or more components of a property tax account.*" The first question is the meaning of the word "whenever." As an adverb it means "at whatever time" as in "you can come tomorrow or whenever." As a conjunction it means "at any or all times that," as in "whenever he leaves the house he takes an umbrella." *Websters 3d New Int'l Dictionary* 2602 (unabridged ed 2002).

---

[2] Note that taxpayer could, in fact, do worse in the Regular Division, even if only the question of the value of the buildings is litigated. The court may determine the value of property without regard to the positions pleaded by the parties. ORS 305.412.

These two possible meanings conflict in this case. The use of the word as an adverb supports taxpayer's construction in that it suggests that there is only one time identified. Thus "whenever a party appeals" is read as "at whatever time a party appeals," the implication being that there is only one such time. If the meaning is the one associated with the use of the word as a conjunction, the statute reads "at any or every time that a party appeals." With that reading, if the complaint filed in the Regular Division is an "appeal," it is one of several times that an appeal occurs and would be included in concept of "every time" a party appeals.

To resolve what was intended by the legislature when it used the word "whenever," it is helpful to consider what the meaning of the phrase "appeals the market value of one or more components of a property tax account" in ORS 305.287. This action, after all, is the action to which the temporal descriptor "whenever" was attached by the legislature. The statutory context within which that action occurs provides guidance.

The statutory framework for property tax disputes includes four different occasions when the legislature refers to an "appeal" in connection with a dispute as to the valuation of property. The first of these is at the time of a petition by a taxpayer to the relevant BOPTA. ORS 309.026 describes petitions to BOPTA as being for the reduction of real market value of property. While the initiating document is described as a petition, there is no doubt that the proceeding is an appeal. The tribunal is, after all, described as one for "property tax appeals." Further, ORS 305.275(3), for example, speaks of a situation where "a taxpayer may appeal to the board of property tax appeals."

The appeal to a BOPTA has important and interesting features, however. The appealing party can only be the taxpayer. ORS 309.100. The only question can be a reduction of value for property. ORS 309.026.[3] The 2011 legislature

---

[3] Under current rules of the department, increases in the value of one component of an account may occur if the petition to BOPTA does not specify which component of the account is appealed. However, if the petition does specify the component, no increase in value may be made. See Oregon Administrative Rule (OAR) 150-309.026(2)-(A).

made no change to these provisions of ORS chapter 309. The appeal referred to in ORS 305.287 is one that may be made or taken by either party to a property tax dispute. Accordingly, the appeal referred to in ORS 305.287 cannot be the "one-sided" appeal to a BOPTA.

The second occasion on which an appeal may occur with respect to the valuation of property is an appeal of the action of a BOPTA to the Magistrate Division. This appeal is taken under ORS 305.275(3). That appeal is also an appeal of the real market value of one or more components of a property tax account. A taxpayer can appeal to a BOPTA as to only one component and, in such cases, the BOPTA may only rule on that component. However, the order of a BOPTA that is appealed to the Magistrate Division must separately state the values for each component of the property tax account, whether or not all components are appealed. OAR 150-309.110(1). The mechanisms of the appeal to the Magistrate Division and those of ORS 305.287 do not conflict.

Following a decision of a magistrate, either party can "appeal" the decision to the Regular Division of the court. ORS 305.501(5)(a). That "appeal" is undertaken by filing a complaint seeking a de novo proceeding rather than a review of the findings of fact or conclusions of law of a magistrate. That appeal is described in the statutes as being "original," "independent," and "de novo." ORS 305.425. However, nothing in the statutes prior to the addition of ORS 305.287 suggested that if a claim for relief had not been made for a component of an account to the Magistrate Division such a claim could be made for the first time to the Regular Division. The mechanisms of the Regular Division and ORS 305.287 do not fit together well.

Following a decision by the Regular Division of this court, either party can "appeal" to the Oregon Supreme Court. ORS 305.445. That appeal is limited in scope however, and extends only to errors of law or absence of substantial evidence to support findings of fact made by the Tax Court judge. *Id*. ORS 305.445 was not amended by the 2011 legislature. The valuation of property is always a matter of fact and not law. *Lewis v. Dept of Rev*, 302 Or 289, 292-93, 728 P2d 1378 (1986). Application of the provisions of ORS

305.287 to the appeal taken to the Supreme Court would cause serious statutory conflicts. It would involve having the Supreme Court addressing factual questions not theretofore addressed by the Tax Court judge, in direct conflict with the limited scope of review in ORS 305.445 for findings of fact.

A review of the four occasions that have been described by the legislature as involving an "appeal" of real property value leads to the conclusion that in ORS 305.287 the reference cannot be to each and every stage at which an "appeal" may be taken. For the reasons discussed above, it cannot refer to the first stage—the appeal to a BOPTA—or to the fourth stage—the appeal to the Oregon Supreme Court.

If every step labeled for some purposes as an "appeal" is not an occasion for a party to seek a determination of the value of some or all components of a property tax account, is there statutory guidance, even indirect guidance, of how to proceed in determining whether the "appeal" referred to in ORS 305.287 is one or more of the two remaining steps—the appeal to the Magistrate Division and the "appeal" to the Regular Division? The court believes there is.

Applying ORS 305.287 at a point no later than an appeal to the Magistrate Division avoids or solves a number of problems. As stated above, the mechanisms of the Magistrate Division and those of ORS 305.287 fit well together.

Further, application of the statute at the time of the appeal to the Magistrate Division is the only construction that is consistent with the expressed legislative goal that tax disputes first be addressed, with only limited exceptions, in the Magistrate Division. That goal is found in ORS 305.501(1). That goal has been the premise for a number of decisions of this court that have restricted the ability of parties to simply avoid the Magistrate Division. *See*, *e.g.*, *Spears v. Dept. of Rev.*, 20 OTR 88 (2010). There is no question that the legislature has, with only limited exceptions, directed that tax disputes between taxpayers and governments pass through, initially, the Magistrate Division. In that division more informal procedures are used and the possibility of mediation exists. The Oregon Supreme Court has enforced

this legislative intent as well. *Wynne v. Dept. of Rev.*, 342 Or 515, 156 P3d 64 (2007).

Nor does applying ORS 305.287 at the stage of an appeal to the Magistrate Division come too early for either party to a dispute. Each party to a property tax dispute certainly knows or should know, at the time of an appeal to the Magistrate Division, whether one component of a property tax account has, in its opinion, been properly valued. All parties know what the division of value, as among components of the account, is. Those separately stated conclusions must be included in the order of the BOPTA from which a taxpayer or a county assessor may appeal. *See* OAR 150-309.110(1).[4]

If any concern on component valuations is not raised at the point of the initiation of the claims in this court, at the Magistrate Division, one would have to question whether the party who knew of the claim and did not raise it was seeking a strategic advantage unrelated to the merits of the case.[5] The legislative history of ORS 305.287 indicates that the legislature, or at least those promoting the legislation that became ORS 305.287, had concerns about taxpayers gaining a strategic advantage by only including in the appeal to the Tax Court the value of one component of the tax account.[6] Providing an opportunity for the "respondant" in an appeal to seek a determination of value for other or all components was the solution chosen by the legislature. However, achieving that goal does not require that the "respondant" be given a choice of raising a responsive issue either at the time of the appeal to the Magistrate Division or later at the time of an appeal to the Regular Division of the court.

---

[4] The court recognizes that in this particular case the county, at the time of the appeal to the Magistrate Division by taxpayer, may not have yet discovered its errors. Or, at that point in time, it may have thought it could proceed to recover from its errors through the omitted property process. However, the proper construction of ORS 305.287 should consider the appeals process generally and not the particular and unusual facts applicable to this one case.

[5] It is important to remember that this strategic advantage was permitted under *Nepom* prior to adoption of ORS 305.287. This case, of course, concerns when the legislature intended the neutralization of *Nepom* to take effect.

[6] In theory, the strategic shoe could be on the other foot. If county assessors are dissatisfied with the actions of the county BOPTA, they are the party appealing to the Tax Court and therefore possibly appealing only one component of an account.

There are good reasons why the "respondant" under ORS 305.287—that is the initially non-appealing party—should be required to request determinations of value for components not included in the appeal to the Magistrate Division by the other party—"the appellant." Consider that under the current statutes, there is a time limit of 30 days within which to appeal an order of a BOPTA. ORS 305.280(4). As already stated, any such order would address the valuation decisions of the BOPTA on each of the components of the account. OAR 150-309.110(1). At that point if the appellant appeals only one component of the account and the "respondant" believes another component is improperly valued, there appears to be no reason why that other party should not be required to request the determination provided for in ORS 305.287 at that time as well.

The legislature expanded the potential scope of an appeal by adopting ORS 305.287. In effect the legislature provided for a "cross-appeal" from the BOPTA order by the "respondant." However, there is no indication in the statute or legislative history that the legislature intended to significantly change the time frame within which controversies should be framed. However, if the county is correct in its argument, the "respondant" seeking a determination of components not covered by the appeal, could wait until after the proceedings in the Magistrate Division. In the face of further appeal to the Regular Division by the party who, as is permitted, appealed only one component value to the Magistrate Division, the other party could then, well after the 30 day statute of limitations, make its claim for a determination of value for other components. This potential conflict with the existing, and unchanged, time frames can be avoided by treating the appeal referred to in ORS 305.287 as being the appeal to the Magistrate Division. Further, the legislative purpose was to neutralize strategic moves made possible by *Nepom*. It would be ironic and, in the view of the court, improper to construe ORS 305.287 so that such strategic moves could be made by a party at a different time—that is on appeal to the Regular Division rather than the Magistrate Division.

The county suggests that the decisions in *Allen v. Dept. of Rev.*, 17 OTR 427 (2004) and *Dept. of Rev. v. Bahr*,

20 OTR 449 (2012) somehow require that any reference to an "appeal" must include the appeal described in ORS 305.501(5)(a) by which a case moves from the Magistrate Division to the Regular Division. That is not the case. *Allen* recognized that the Tax Court is one court with two divisions. It then addressed a specific effective date provision for an amendment to ORS 305.490. The statutory provision spoke to "proceedings" in the court and when attorney fee awards could be made. *Allen* was a case with a specific statutory effective date provision using the term "proceedings." It was not a case dealing with the legislative intent about the word "appeal" used in the substantive part of a statute, like ORS 305.287, that had no effective date provision.

*Bahr* dealt with application of the burden of proof provisions found in ORS 305.427. Again the statute speaks to proceedings and the court recognized that separate proceedings occurred in the Magistrate Division and the Regular Division of the court. The question was whether if the Department of Revenue lost in the Magistrate Division and appealed to the Regular Division it then bore the burden of proof. As is the case with the decision in *Allen*, the factual and legal context of the *Bahr* decision was so different from that presented in this case that *Bahr* does not help in the analysis here, much less dictate the result.

The court therefore concludes that the "appeal" referred to in ORS 305.287 is the appeal of a party to the Magistrate Division of this court. In this case that appeal had already occurred at the time that ORS 305.287 became effective. The question then becomes whether the provisions of ORS 305.287 apply to the appeal in this case—that is the appeal by taxpayer to the Magistrate Division.

Statutes can apply retroactively if the legislature so intends. *Whipple v. Howser*, 291 Or 475, 480-81, 632 P2d 782 (1981). Nothing in the text of HB 2572 indicates that the legislature intended ORS 305.287 to apply retroactively to appeals that had already been commenced. The effective date provision for the bill was the standard provision making the legislation effective 90 days following adjournment of the legislature.

The absence of any legislative provision on retroactive application is very significant. The reason is that the legislature knows, indeed the 2011 legislature knew, how to describe retroactive effect or application of new rules to pending appeals. Consider, for example, the provisions of ORS 305.286, added by HB 2569. Or Laws, 2011, ch 112. This bill dealt with the authority of counties to offer deferred billing credits in cases of large property tax appeals. The concern was that successful taxpayer appeals could come with large interest awards that added to the economic impact of a loss for the county in litigation.

ORS 305.286 provides, using language very similar to that found in ORS 305.287:

> "*Whenever* any property value or claim for exemption or cancellation of a property tax assessment *is appealed*, if the dollar amount in dispute exceeds $1 million, the assessor of the county in which the property is located may order the officer in charge of the assessment and tax roll to include a deferred billing credit in the property tax statement of the property or in a separate notice of deferred billing."

(Emphasis added.) The effective date provision for HB 2569 states that the provisions apply "to appeals active on or filed on or after the effective date" of the bill. HB 2569 § 3 (2011). The very same witnesses for the counties testified on the bill that became ORS 305.287 and the clearly "retroactive" provisions of HB 2569. There was no discussion of the effective date provisions for either bill. However, the court must conclude that when the legislature intends to have legislation apply to pending appeals it says so. It said so as to HB 2569. It did not say so as to the legislation codified as ORS 305.287.

## V.  CONCLUSION

Accordingly, ORS 305.287 does not apply to this proceeding. The motion of the taxpayer is granted and the cross-motion of the county is denied.

This case will be continued for trial solely on the question of the proper value of the building improvements in the relevant tax accounts. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Preliminary Ruling is granted; and

IT IS FURTHER ORDERED that Defendant-Intervenor's Motion for a Preliminary Ruling Regarding ORS 305.287 is denied.